Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000442
08-MAR-2018
11:07 AM

NO. CAAP-17-0000442

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SCARLETT A. TAYLOR and CHANEL E. TAYLOR,
Plaintiffs-Appellants,
v.
ELISA M. OMEECHEVARRIA, Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10 and ENTITIES 1-10,
Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-3006)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we do not have appellate jurisdiction over this appeal that Plaintiffs-Appellants Scarlett A. Taylor and Chanel E. Taylor (the Taylors) have asserted from one April 18, 2017 post-judgment order and two April 19, 2017 post-judgment orders filed in Civil No. 13-1-3006-11, because the Taylors' May 23, 2017 notice of appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

The circuit court entered a December 26, 2014 judgment that was immediately appealable pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (2016), Rule 58 of the Hawai'i Rules of Civil Procedure and the holding in Jenkins v. Cades Schutte

Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). No party appealed from the December 26, 2014 judgment. All subsequent orders are post-judgment orders, and a "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (citation omitted).

However, "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). The Taylors did not file their May 23, 2017 notice of appeal within thirty days after entry of the April 18 and April 19, 2017 post-judgment orders. Furthermore, although the circuit court additionally entered two April 21, 2017 post-judgment orders before the Taylors filed their May 23, 2017 notice of appeal, the Taylors' appeal is likewise untimely under HRAP Rule 4(a)(1) as to the two April 21, 2017 post-judgment orders.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Consequently, we lack appellate jurisdiction in this case.

//

//

//

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000442 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 8, 2018.

Presiding Judge

Associate Judge

Associate Judge